**JEFFREY LE BEAU, ESQ.** SBN 125828
PEACOCK & LE BEAU
3741 EAST 4TH STREET
LONG BEACH, CA 90814
Telephone: (562) 284-6511
Fax No.: (562) 284-6516

**ROBERT P. DAMONE, ESQ.** SBN 136588
GLASER, DAMONE & SCHROEDER
590 WEST 8TH STREET
SAN PEDRO, CALIFORNIA 90731
Telephone: (562) 983-3130

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV08-04157 ABC (SSx)

| | |
|---|---|
| ELLIOTT DUGAN, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | 1. **VIOLATION OF CIVIL RIGHTS** (42 U.S.C. §1983) |
| | 2. **MONELL** CLAIM (42 U.S.C. §1983) |
| CITY OF TORRANCE, TORRANCE POLICE OFFICER REHAN NAZIR, individually and as a peace officer and DOES 1-10 inclusive, individually and as peace officers | 3. **VIOLATION OF CIVIL RIGHTS** (CAL. CIVIL §52.1) |
| | 4. **BATTERY BY PEACE OFFICER** |
| | 5. **NEGLIGENCE** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction of this court is invoked under 28 U.S.C.§§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation

1

COMPLAINT FOR DAMAGES

under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth and Fourteenth Amendments of the United States Constitution.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2. At all times herein mentioned, Plaintiff ELLIOTT DUGAN was a resident of the County of Los Angeles, City of Inglewood.

3. At all times herein mentioned, Defendant TORRANCE POLICE OFFICER REHAN NAZIR (HEREINAFTER "NAZIR") and DOES 1-50, inclusive and each of them, are believed to be residents of the County of Los Angeles, State of California and employees of the City of Torrance.

4. Defendant CITY OF TORRANCE (HEREINAFTER "CITY") is at all times herein mentioned has been a public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Torrance Police Department and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force and power of search and arrest by its rank and file.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1-50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to

2

COMPLAINT FOR DAMAGES

1  amend this Complaint to show their true names and capacities when same have been ascertained.

3  6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad
4  faith and with knowledge that their conduct violated well established and settled law.

6  7. The incident complained of began at or about May 10, 2007, after plaintiff was
7  apprehended following a pursuit. While unarmed, compliant and stretched out underneath a vehicle
8  with his hands over his head he was shot 6 times with excessive, unnecessary and unreasonable force
9  by Defendant Officer NAZIR and Does 1-10 for no good reason.

## FIRST CAUSE OF ACTION-VIOLATION OF CIVIL RIGHTS-EXCESSIVE FORCE, 42 U.S.C. § 1983 BY PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS

15  8. Plaintiff refers to and incorporates each and every allegation contained in paragraphs
16  1 through 7 of this complaint as though fully set forth herein at length.

18  9. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the
19  United States Constitution, the laws of the State of California and common law principles to redress
20  a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said
21  statutes, and by the First Fourth, and Fourteenth Amendments of the United States Constitution.

23  10. The events, acts and omissions herein complained of began on or about May 10, 2007
24  on 1224 W. 226th Street, in Torrance, California.

26  11. Commencing at or about the aforementioned date and place, without cause or
27  justification, and acting under color of law, Defendant NAZIR and DOES 1-50, and each of them,

3

COMPLAINT FOR DAMAGES

deprived Plaintiff of rights secured to his by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to excessive and unreasonable force.

12. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical expense and other consequential damages in an amount as to be proven at the time of trial.

13. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

14. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

15. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION-UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983 BY PLAINTIFF AGAINST DEFENDANT COUNTY

16. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 15 of this complaint as though fully set forth herein at length.

4

COMPLAINT FOR DAMAGES

17. Defendant CITY is and at all times herein mentioned has been a public entity and is authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Torrance Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

18. At all times herein mentioned, Defendants NAZIR and DOES 1-50, and each of them were employees acting under the CITY'S direction and control, were knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, Eighth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required, or at least encouraged the employment, deployment and retention of persons as peace officers who have a propensity for brutality and dishonesty and serious abuses of their duties as peace officers in the employment of the CITY.

19. Defendant CITY is alleged to have maintained or permitted official policies or customs of permitting the occurrence of the types of wrongs set forth above knowingly by, among other things, sanctioning the use of unreasonable force, failing and refusing to impartially investigate or discipline peace officers charged with the use of excessive force, whether such force is inflicted by officers using their hands, fists feet, batons, flashlights, guns or pepper spray.

20. More specifically, the unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include the following:

(1) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees;

(2) Defendant CITY had knowledge, prior to and since this incident, of similar allegations

5

COMPLAINT FOR DAMAGES

of abuse by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendant CITY refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4) Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Torrance Police Department;

(5) Defendant CITY covered up acts of misconduct and abuse by Torrance Police Department and sanctioned a code of silence by and among officers;

(6) Defendant CITY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to the uses of force;

(7) Defendant CITY has maintained, sanctioned and approved a policy, practice and custom of using excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

(8) Defendant CITY condones and encourages the conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees, including but not limited to the use of unnecessary, unreasonable force in violation of the Fourth Amendment to the United States Constitution and the laws of the State of California and failing to impartially investigate claims of misconduct and abuse in accordance with acceptable law enforcement standards, tacitly condoning and approving illegality, brutality, corruption, dishonesty, including a peace officer's code of silence;

(9) Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by May 10, 2007 and thereafter, represented the policies, practices, customs and procedures amounting to deliberate indifference of the CITY.

21. Pursuant to said policies, customs, practices and usages, Defendants NAZIR AND

6

COMPLAINT FOR DAMAGES

DOES 1-50 and each of them, were at all times herein mentioned are employed and retained as peace officers by Defendant CITY and by its employees, agents, and representatives acting under its direction and control, each of whom at all times herein mentioned, knew, or in the exercise of reasonable care should have known, that the aforesaid customs, practices, polices, and usages were unconstitutional by reason of their inherent unreasonableness and deliberate indifference to the lives, liberty and property of persons with which the sheriff's department come into contact, including Plaintiff, all in violation of the provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

22. By reason of and pursuant to the aforesaid policies, practices, customs, and usages, Plaintiff was deprived of this rights under the United States Constitution by Defendants NAZIR AND DOES 1-50, and each of them, without provocation, justification or lawful excuse.

### THIRD CAUSE OF ACTION-VIOLATION OF CIVIL RIGHTS CAL. CIVIL §52.1 BY PLAINTIFF AGAINST ALL DEFENDANTS

23. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 22 of this complaint as though fully set forth herein at length.

24. Plaintiff is required to and has complied with applicable claims statutes;

25. At all times relevant herein, defendants NAZIR AND DOES 1-50 were acting within the course and scope of their employment with defendant CITY.

26. Plaintiff is informed and believes and thereon alleges Defendants CITY, NAZIR AND DOES 1-50 committed the aforementioned acts of violence on plaintiff.

7

COMPLAINT FOR DAMAGES

27. That defendants CITY, NAZIR AND DOES 1-50, injured plaintiff with an intent and to deprive and in fact deprvied plaintiff of his rights to be free from unreasonable and excessive uses of force guarenteed by the U.S. Constitution and the laws of the State of California.

28. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical expense and other consequential damages in an amount as to be proven at the time of trial.

29. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

30. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

31. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

**FOURTH CAUSE OF ACTION-BATTERY BY PLAINTIFF AGAINST ALL DEFENDANTS**

32. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 31 of this complaint as though fully set forth herein at length.

COMPLAINT FOR DAMAGES

33. That defendants NAZIR AND DOES 1-50 shot plaintiff 6 times;

34. That defendants NAZIR AND DOES 1-50 use of force to take plaintiff who was compliant and unarmed into custody was unreasonable;

35. That plaintiff did not consent to the use of that force;

36. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical expense and other consequential damages in an amount as to be proven at the time of trial.

37. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

38. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

**FIFTH CAUSE OF ACTION-NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS**

39. Plaintiff refers to and incorporates each and every allegation contained in paragraphs 1 through 37 of this complaint as though fully set forth herein at length

9

COMPLAINT FOR DAMAGES

40. Defendants and each of them owed plaintiff a duty of care to act reasonably not to unreasonably injure plaintiff;

41. That defendants CITY, NAZIR AND DOES 1-50 negligently and unreasonably discharged firearm(s) causing the bullets to strike plaintiff

42. Defendants' shooting of plaintiff breached that duty of care.

43. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical expense and other consequential damages in an amount as to be proven at the time of trial.

44. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

WHEREFORE, Plaintiff pray judgment against Defendants and each of them as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For general damages in the sum of according to proof
2. special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For Attorneys Fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code § 52b
5. For costs of suit;
6. For such other and further relief as the Court may deem just and proper.

10

COMPLAINT FOR DAMAGES

DATED: 6/5/08

GLASER, DAMONE & SCHROEDER

By _____
ROBERT P. DAMONE, Attorneys for
PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury in this action.

DATED: 6/5/08

GLASER, DAMONE & SCHROEDER

By _____
ROBERT P. DAMONE, Attorneys for
PLAINTIFF

11

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

### CV08- 4157 ABC (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ELLIOTT DUGAN, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 08-04157 ABC (SSx) |
| v. | |
| CITY OF TORRANCE, TORRANCE POLICE OFFICER REHAN NAZIR, individually and as a peace officer and DOES 1-10 inclusive, individually and as peace officers | |
| DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S):  <u>The Above Named Defendants</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>ROBERT P. DAMONE, ESQ.</u>, whose address is <u>590 WEST 8TH STREET, SAN PEDRO, CALIFORNIA  90731</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUN 2 4 2008

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                     SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ELLIOTT DUGAN,

**DEFENDANTS**
CITY OF TORRANCE, TORRANCE POLICE OFFICER REHAN NAZIR, individually and as a peace officer and DOES 1-10 inclusive, individually and as peace officers

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ROBERT P. DAMONE, ESQ. SBN 136588
GLASER, DAMONE & SCHROEDER
590 WEST 8TH STREET, SAN PEDRO, CA 90731

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV08-04157

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)           CIVIL COVER SHEET           Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date 6/12/08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |