DANIEL K. SPRADLIN - State Bar No. 82950
WOODRUFF, SPRADLIN & SMART, APC
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787
dspradlin@wss-law.com

Attorneys for Defendants CITY OF TORRANCE, REHAN NAZIR

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT DUGAN,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, TORRANCE POLICE OFFICER REHAN NAZIR, individually and as a peace officer and DOES 1-10 inclusive, individually and as peace officers,<br><br>      Defendants. | CASE NO.: 08-04157ABC (SSx)<br><br>[~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY THE COURT** |

Upon agreement and stipulation of all parties to this action, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ordered that:

1.  Any records, documents or information contained in the personnel file of OFFICER REHAN NAZIR, including any administrative internal affairs file or investigation produced by Defendants to Plaintiff shall be deemed Confidential Information, which additionally contains Personal Information, and therefore, such files shall be designated as "CONFIDENTIAL CITY OF TORRANCE INFORMATION";

///

///

1

608670.1

2. Any records, documents or information contained in the personnel file of any present or former officer of the CITY OF TORRANCE, including any administrative internal affairs file or investigation produced by Defendants to Plaintiff shall be deemed Confidential Information, which additionally contains Personal Information, and therefore, such files shall be designated as "CONFIDENTIAL CITY OF TORRANCE INFORMATION";

3. Defendants may designate as "CONFIDENTIAL CITY OF TORRANCE INFORMATION" all originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things, and/or information, or portions thereof, which contain or comprise Confidential Information or Personal information;

4. Defendants may designate documents, information, or portions thereof, as "CONFIDENTIAL CITY OF TORRANCE INFORMATION," which it in good faith considers confidential at the time such documents are produced or such information disclosed, or as soon thereafter as it becomes aware of the nature of the information or material disclosed and sought to be protected hereunder.

5. Notwithstanding any provision contained herein, if Defendants produce documents containing any Personal Information, Defendants may redact the Personal Information from such documents, but if Defendants elect or are compelled to produce any document containing Personal Information without redaction, the unredacted version shall still be deemed Confidential Information and shall be subject to the terms and restrictions of this Order;

6. Notwithstanding any provision contained herein, if Defendants produce documents containing Personal Information relating to any law enforcement officer or his or her family members, Defendants may redact such Personal Information and need not produce any un-redacted version absent a court order.

///

///

2

608670.1

7. Upon Defendants producing "CONFIDENTIAL CITY OF TORRANCE INFORMATION," or documents containing redacted Personal Information, Defendants do not intend to waive and are not waiving any legal right to assert any evidentiary objections, including relevance, federal or state constitutional or statutory privacy rights, the "official information privilege," psychotherapist-patient privilege, attorney-client privilege, work-product privilege, or other applicable privilege;

8. In producing documents under this Order, each page of each document produced shall be marked "CONFIDENTIAL CITY OF TORRANCE INFORMATION." In the instance of depositions, counsel may, in the record of the deposition, designate the transcript, or portion thereof, as "CONFIDENTIAL CITY OF TORRANCE INFORMATION." The witness or his or her counsel may invoke the provisions of this Order by giving adequate notice that testimony about to be given is deemed "CONFIDENTIAL CITY OF TORRANCE INFORMATION";

9. Only counsel of record in the specific above-entitled matter shall review documents and discovery marked or designated as "CONFIDENTIAL CITY OF TORRANCE INFORMATION" and such confidential documents are not to be in any way copied, distributed to or reviewed by any persons unless and until a valid court order permitting such disclosure and distribution is obtained. Notwithstanding the provisions of this paragraph, the restrictions contained herein do not apply to the persons specifically identified below:

(a) The Court;

(b) Attorneys of record and designated partners, staff, and associates assigned to work on the file;

(c) Expert consultants;

(d) Named parties;

(e) Court reporters, discovery referees, and mediators hired in connection with this action;

///

608670.1

(f)  Any deponent during the course of such deponent's deposition in this action; and

(g)  Those persons authorized in writing by the party claiming confidentiality.

10.  The "CONFIDENTIAL CITY OF TORRANCE INFORMATION" shall be used solely for the purpose of litigating the above-entitled matter and for no other purpose or use, and under no circumstances, other than those specifically provided for in this or a subsequent order of a court of competent jurisdiction. To designate any documents, information, or portions thereof produced before the date hereof as "CONFIDENTIAL CITY OF TORRANCE INFORMATION," the designating party may designate the documents as "CONFIDENTIAL CITY OF TORRANCE INFORMATION," or send a letter to all counsel within ten (10) days of entry of this Order designating with specificity such material as "CONFIDENTIAL CITY OF TORRANCE INFORMATION."

11.  Prior to disclosing or discussing any "CONFIDENTIAL CITY OF TORRANCE INFORMATION," or information contained therein or derived therefrom, to any person other than those persons identified in Paragraph 9, the following terms and conditions must be followed:

(a)  Plaintiff's counsel shall apprise any such person of the confidential nature of the documents;

(b)  Plaintiff's counsel shall apprise any such person that the court has entered an Order enjoining and limiting the disclosure and use of the CONFIDENTIAL CITY OF TORRANCE INFORMATION to only those persons delineated in Paragraph 9;

(c)  Plaintiff's counsel shall show and provide any such person with a copy of this Order;

(d)  Each person to whom any such disclosure or discussion is directed shall sign a written agreement agreeing to be bound by this Order stating as follows:

608670.1

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Dugan v. City of Torrance, et al. United States Central District Court Case No. CV08-04157 ABC, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this Order"; and

(e) Before any witness is examined at trial or deposed or submits a declaration under oath in this action, counsel shall deliver to all other counsel the signed agreement set forth in sub-paragraph (d) above.

12. Pursuant to this Order, the CONFIDENTIAL CITY OF TORRANCE INFORMATION shall be kept strictly secure and segregated from other non-confidential documents produced herein;

13. In the event that any party or counsel for any party files with or submits to this Court any CONFIDENTIAL CITY OF TORRANCE INFORMATION (i.e., by way of pleadings, motions, or any other papers containing or making reference to such document or information), such document shall be filed in a sealed envelope labeled with a statement, substantially in the following form:

**CONFIDENTIAL**

This envelope contains Confidential City of Torrance Information subject to a Protective Order issued in this action that governs the use and disclosure of the enclosed documents.

All such documents filed with the court shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

14. If a party desires the release of any CONFIDENTIAL CITY OF TORRANCE INFORMATION from the terms and conditions of this Order, the party shall first make a written request to the designating party seeking such a release. In the event that designating party does not respond in writing within five (5) days of

5

608670.1

receipt of the written request by specifying the confidential nature or privilege attached to such document or if the non-designating party disagrees with the designating party's written assertions of confidentiality, the non-designating party may move the Court, in accordance with the rules of the Court, for an order that the document(s) shall not be subject to this Order, or any claim of confidentiality. *[handwritten: See Local Rule SHS]*

15. Until this Court enters an order changing the designation and status of any CONFIDENTIAL CITY OF TORRANCE INFORMATION, the confidentiality of such documents shall continue to be protected as provided herein by this Order.

16. In the event any CONFIDENTIAL CITY OF TORRANCE INFORMATION is to be used in any proceeding in this action including, but not limited to, depositions or trial, such document(s) shall not lose their confidential and privileged status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such document(s) during such use, including using redacted versions of such documents and filing un-redacted versions under seal.

17. If a party has cause to believe that a violation of this Order has occurred, or is about to occur, the party has the right to seek proper relief from the Court to redress such violation, including relief through an *ex parte* application. *[handwritten: See L.R. 37]*

18. If a party is subpoenaed or receives other lawful process to produce any documents designated as CONFIDENTIAL CITY OF TORRANCE INFORMATION, notice of such shall be given immediately to the attorneys of record for the party that produced the protected information and the party who receives a subpoena or other process shall not produce the protected information absent a court order, or permission from the party who produced the protected information. Nothing contained herein shall prevent any party from disclosing its own confidential information contained therein as it deems appropriate; provided, however, that such disclosure shall not affect in any way the obligations of persons receiving CONFIDENTIAL CITY OF TORRANCE INFORMATION pursuant to this Order.

///

608670.1

19. At the conclusion of this action, all material designated CONFIDENTIAL CITY OF TORRANCE INFORMATION and any copies of such documents in the possession, custody or control of counsel and their employees and consultants shall be returned to the party designating the material confidential, or if authorized by the designating party, destroyed.

IT IS SO ORDERED, this 19 day of November, 2008.

*The parties have demonstrated good cause for this protective order.*

(SHS)

_____
UNITED STATES MAGISTRATE JUDGE

> All future discovery filings shall include the following language on the cover page:
> "[Referred to Magistrate Judge Suzanne H. Segal]"

7

608670.1